E4bdramp

                              Plea

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,              New York, N.Y.

 4              v.                          13 Cr. 0600(ER)

 5   GARY RAMIS,

 6                   Defendant.

 7   ------------------------------x

 8
                                           April 11, 2014
 9                                         10:00 a.m.

10
     Before:
11
                         HON. EDGARDO RAMOS,
12
                                           District Judge
13

14                            APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     BY:  JENNIFER BURNS
17        Assistant United States Attorney

18   MERINGOLO & ASSOCIATES, P.C.
          Attorneys for Defendant
19   BY:  JOHN C. MERINGOLO
          ANJELICA CAPPELLINO
20        JOHN BUZA

21

22

23

24

25

Plea

1    THE CLERK:  In the matter of the United States of

2    America against Gary Ramis.

3         Counsel, please state your name for the record.

4         MS. BURNS:  Jennifer Burns for the government.

5         Good morning, your Honor.

6         THE COURT:  Good morning.

7         MR. MERINGOLO:  Good morning, your Honor.  John

8    Meringolo for Mr. Ramis.  At counsel table I have my associate

9    Anjelica Cappellino and John Buza and he is an attorney also.

10         THE COURT:  Good morning to you all.

11         Good morning to you, Mr. Ramis.

12         THE DEFENDANT:  Good morning, your Honor.

13         THE COURT:  So what are we doing here today, folks?

14   Mr. Meringolo?

15         MR. MERINGOLO:  Your Honor, at this particular time we

16   have entered into a plea agreement with the government.

17         THE COURT:  OK.

18         MR. MERINGOLO:  We withdraw the previously entered

19   plea of not guilty, and we intend, pursuant to the Court's

20   questions, to enter a plea of guilty.

21         THE COURT:  Very well.

22         Mr. Ramis, your attorney has indicated that you wish

23   to plead guilty pursuant to an agreement with the government.

24   I am happy to take your plea.  However, before I do that, I

25   need to ask you a series of questions and through those

Plea

1   questions I am trying to establish two things, basically.  The

2   first thing I'm trying to establish is that you understand what

3   is going on here today and the consequences of taking a plea,

4   the punishment that you face, etc., and the other thing that

5   I'm trying to determine is whether you are in fact guilty of

6   the crimes to which you wish to plead guilty.

7           So in response to my questions, it is obviously very

8   important that you be absolutely truthful.  So I am going to

9   have you placed under oath.  OK?

10          THE DEFENDANT:  Yes.

11          THE CLERK:  Please rise.  Raise your right hand.

12          (The defendant was sworn)

13          THE CLERK:  Please be seated.

14          THE COURT:  Mr. Ramis, you are now under oath.  And,

15  sir, do you understand that if you answer any of my questions

16  falsely, your answers could be used against you in a

17  prosecution for perjury or for making a false statement?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  OK.  Now, like I said, I'm going to ask

20  you a series of questions.  And if you do not understand any

21  question that I ask or if you wish to consult with your

22  attorney for any reason before answering a question, just

23  please let me know and I will either rephrase my question and

24  give you an opportunity to speak with your attorney.  OK?

25          THE DEFENDANT:  Yes, sir.

                              Plea

1        THE COURT:  So what is your full name?

2        THE DEFENDANT:  Gary Leigh Ramis.

3        THE COURT:  Sir, how old are you?

4        THE DEFENDANT:  53.

5        THE COURT:  How far did you get in school?

6        THE DEFENDANT:  High school.

7        THE COURT:  Are you able to read and write in English?

8        THE DEFENDANT:  Yes, sir.

9        THE COURT:  Sir, are you now or have you recently been

10   under the care of a doctor or psychiatrist?

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  Which?

13       THE DEFENDANT:  Both.

14       THE COURT:  Are you currently under any medication?

15       THE DEFENDANT:  Yeah, for back pain.

16       THE COURT:  What medication is that?

17       THE DEFENDANT:  Honestly, I couldn't answer.

18       THE COURT:  OK.  And how often do you take it?

19       THE DEFENDANT:  Every day.

20       THE COURT:  Does that medication affect your ability

21   to think?

22       THE DEFENDANT:  No, sir.

23       THE COURT:  Have you ever been treated or hospitalized

24   for any mental illness or any type of addiction, including drug

25   or alcohol addiction?

Plea

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And which of those?

3          THE DEFENDANT:  Drug addiction.

4          THE COURT:  And when, approximately, did you undergo

5    that therapy?

6          THE DEFENDANT:  1970s -- mid-'70s.

7          THE COURT:  OK.  So some time ago?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  OK.  And, sir, in the last 24 hours, other

10   than the drug for your pain, your back pain that you are

11   taking, have you taken any other drugs, medicine or pills or

12   have you consumed any alcohol?

13         THE DEFENDANT:  No, sir.

14         THE COURT:  Is your mind clear today?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  And are you feeling well enough to proceed

17   and to understand what is going on here today?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Now, your attorney has informed me that

20   you wish to plead guilty pursuant to an agreement with the

21   government.  Is that correct?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  And, Mr. Ramis, have you had a full

24   opportunity to discuss your case with Mr. Meringolo?

25         THE DEFENDANT:  Yes, sir.

E4bdramp
Plea

1    THE COURT:  Including any possible defenses that you

2    might have?

3    THE DEFENDANT:  Yes, I have.

4    THE COURT:  And are you satisfied with Mr. Meringolo

5    and his representation of you?

6    THE DEFENDANT:  Yes, sir.

7    THE COURT:  And have you had a full opportunity to

8    discuss with him the consequences of entering a guilty plea?

9    THE DEFENDANT:  Yes, sir.

10   THE COURT:  Mr. Meringolo, do you have any doubt as to

11   Mr. Ramis' competence to enter a guilty plea at this time?

12   MR. MERINGOLO:  No, your Honor.

13   THE COURT:  Ms. Burns?

14   MS. BURNS:  Based on what I have heard today, no, your

15   Honor.

16   THE COURT:  OK.  On the basis of the defendant's

17   responses to my questions and my observations of his demeanor,

18   I find that he is fully competent to enter an informed guilty

19   plea at this time.

20   So, Mr. Ramis, the first series of questions that I

21   want to go over with you involve the rights that you will be

22   giving up if you enter a plea of guilty.  OK?

23   THE DEFENDANT:  Yes, sir.

24   THE COURT:  Now, sir, you have the right to be

25   represented by an attorney at trial and at every other stage of

Plea

1    the proceeding.  If you could not afford an attorney, an

2    attorney would be appointed to represent you without cost to

3    you.  Do you understand?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  You have a right to a speedy and public

6    trial by a jury on the charges against you.  Do you understand?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  At trial you would be presumed innocent

9    and the government will be required to prove you guilty by

10   competent evidence beyond a reasonable doubt before you could

11   be found guilty.  You would not have to prove that you were

12   innocent at trial.  Do you understand?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  If there were a jury trial, the jury would

15   be composed of 12 people selected from this district and all 12

16   would have to agree unanimously that you were guilty before you

17   could be found guilty.  Do you understand?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  At trial you would have the right to see

20   and hear all of the witnesses against you and your attorney

21   could cross-examine them.  Do you understand?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Your attorney could object to the

24   government's evidence and offer evidence on your behalf.  You

25   would also have the right to have subpoenas issued to compel

Plea

1   witnesses to comes to court to testify in your defense.

2           Do you understand?

3           THE DEFENDANT:  Yes, sir.

4           THE COURT:  At trial you would have the right to

5   testify if you wanted to, but no one could force you to

6   testify.  And if you chose not to testify, I would tell the

7   jury that it could not hold that against you.  Do you

8   understand?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  If you were convicted at trial, you would

11  have the right to appeal that verdict.  Do you understand?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  And do you also understand that by

14  entering a plea of guilty here today, you are giving up all of

15  the rights that I've just described, except for your right to

16  counsel, and you will be found guilty based on your plea of

17  guilty?

18          THE DEFENDANT:  Yes, sir, I do.

19          THE COURT:  Sir, do you understand that you can change

20  your mind right now for any reason and decide not to enter a

21  guilty plea?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Sir, have you received a copy of the

24  Superseding Indictment?

25          THE DEFENDANT:  Yes, I have.

1     THE COURT:  And have you read it?

2     THE DEFENDANT:  Yes, sir.

3     THE COURT:  Have you discussed it with your attorney?

4     THE DEFENDANT:  Yes, I have.

5     THE COURT:  And do you understand that in Count One of

6  that Superseding Indictment you are charged with conspiring to

7  distribute and possess with intent to distribute 100 kilograms

8  and more of marijuana?

9     THE DEFENDANT:  Yes, sir.

10     THE COURT:  Ms. Burns, what are the elements of the

11  offense charged in Count One of the Superseding Indictment?

12     MS. BURNS:  Count One charges a narcotics conspiracy.

13  The elements are, first, that there was such a conspiracy or

14  agreement between two or more persons to violate the federal

15  narcotics laws; second, that the defendant wilfully joined this

16  conspiracy or agreement; and, third, that here, as charged, the

17  objective was to distribute and possess with intent to

18  distribute 100 kilograms and more of marijuana.

19     THE COURT:  Thank you.

20     Mr. Ramis, did you hear what the prosecutor just said?

21     THE DEFENDANT:  Yes, I did.

22     THE COURT:  And, sir, do you understand that if you

23  did not plead guilty to Count One, the government would have to

24  prove each and every one of those elements beyond a reasonable

25  doubt to the jury?

Plea

1          THE DEFENDANT:  Yes, I do.

2          THE COURT:  And did you discuss with Mr. Meringolo the

3   penalties that you face for pleading guilty to this charge?

4          THE DEFENDANT:  Yes, I have.

5          THE COURT:  And, sir, do you understand that the

6   charge that you are pleading guilty to carries a maximum

7   sentence of 40 years' imprisonment and a mandatory minimum

8   sentence of five years' imprisonment?

9          THE DEFENDANT:  Yes, I do, your Honor.

10          THE COURT:  You do you also understand that the charge

11   carries a maximum term of supervised release of life and a

12   mandatory minimum term of supervised release of four years?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Do you understand that there are also

15   financial penalties that could be imposed, including a fine

16   which is the greatest of $5 million or twice the gross gain

17   derived from the offense or twice the gross loss to any person

18   other than yourself as a result of the offense?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  And do you also realize or did you discuss

21   with Mr. Meringolo that I am required to impose a $100 special

22   assessment as a result of your plea?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Sir, do you understand that supervised

25   release means that you will be subject to monitoring and

                                    Plea

1     supervision when you are released from prison?

2                    THE DEFENDANT:  Yes, sir.

3                    THE COURT:  And that there are terms and conditions of

4     supervised release with which you must comply, and if you do

5     not comply with them you could be returned to prison without a

6     jury trial.  Do you understand that?

7                    THE DEFENDANT:  Yes, sir.

8                    THE COURT:  And do you understand that if you violate

9     the terms or conditions of supervised release and are returned

10    to prison, that that new prison term could be for part or all

11    of the term of supervised release which I impose and that you

12    will not get credit for any time previously served in prison on

13    this offense or time previously served on supervised release?

14                   THE DEFENDANT:  Yes, sir.

15                   THE COURT:  And as part of your sentence I can also

16    order restitution to any person injured as a result of your

17    criminal conduct.  Do you understand that?

18                   THE DEFENDANT:  Yes, sir.

19                   THE COURT:  And, sir, do you understand that if I

20    accept your guilty plea and find you guilty, that determination

21    may deprive you of valuable civil rights such as the right to

22    vote, the right to hold public office, the right to serve on a

23    jury, and the right to possess any kind of firearm?  Do you

24    understand that?

25                   THE DEFENDANT:  Yes, sir.

Plea

1        THE COURT:  Mr. Ramis, are you an American citizen?

2        THE DEFENDANT:  I'm sorry.  I didn't hear what you

3    said.

4        THE COURT:  Are you an American citizen?

5        THE DEFENDANT:  Yes, sir.

6        THE COURT:  OK.  The next series of questions that we

7    want to discuss concern the sentencing guidelines.  And,

8    Mr. Ramis, do you understand that there are sentencing

9    guidelines that I must consider in determining the appropriate

10   sentence in your case?

11       THE DEFENDANT:  Yes, sir, I do.

12       THE COURT:  And have you talked with Mr. Meringolo

13   about how those guidelines apply to your case?

14       THE DEFENDANT:  Yes, sir.

15       THE COURT:  And do you understand that I have to

16   calculate the guideline range and I have to consider that range

17   in determining what your sentence will be?

18       THE DEFENDANT:  Yes, I do.

19       THE COURT:  And do you also understand that I will not

20   be able to do that, that is, that I will not be able to make

21   that determination until after a presentence report has been

22   completed by the U.S. Probation Office and both you and your

23   lawyer and the government have had a chance to review a draft

24   of that report?

25       THE DEFENDANT:  Yes, sir.

E4bdramp
Plea

1    THE COURT:  And do you understand that even after I

2    calculate the guideline range, I have the ability to impose a

3    sentence that is either above or below that range?

4    THE DEFENDANT:  Yes, sir.

5    THE COURT:  And, Mr. Ramis, did you discuss with

6    Mr. Meringolo the law which is known as Title 18, United States

7    Code, Section 3553(a)?

8    THE DEFENDANT:  Yes, sir.

9    THE COURT:  And do you understand that that law

10   requires me to consider a number of other factors about you

11   personally, your history, and about the offense that you've

12   committed or intend to plead guilty to having committed in

13   determining the appropriate sentence in your case?  Do you

14   understand that?

15   THE DEFENDANT:  Yes, I do.

16   THE COURT:  And so even after I determine the

17   guidelines, I must also consider these other factors and,

18   again, might settle on a sentence that is either higher or

19   lower than what the guidelines recommend.  Do you understand?

20   THE DEFENDANT:  Yes, sir.

21   THE COURT:  And do you understand that if your

22   attorney or anyone else has attempted to estimate or predict

23   for you what your sentence will be, their estimate or

24   prediction could be wrong?

25   THE DEFENDANT:  Yes, sir.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

E4bdramp
Plea

1    THE COURT:  And so while it is perfectly appropriate

2    for you and your counsel to have discussed how your sentence

3    will be calculated in your case, no one can give you any

4    assurance of what your sentence will be.  It is my job to do

5    that, and I cannot determine your sentencing guideline until

6    we've gone through the steps that I've just described.  Do you

7    understand?

8            THE DEFENDANT:  Yes, sir, I do.

9            THE COURT:  And so I say all of this to you because

10   you need to understand today that if your sentence is different

11   from what you or your attorney thought, from what your attorney

12   told you it might be, or if it is different from what you

13   expect, or if it is different from what is contained in your

14   plea agreement with the government, you will still be bound by

15   your plea and you will not be allowed to withdraw your guilty

16   plea.  Do you understand?

17           THE DEFENDANT:  Yes, I do.

18           THE COURT:  Sir, do you understand that if you are

19   sentenced to prison, there is no parole in the federal system

20   and you will not be released early on parole?

21           THE DEFENDANT:  Yes, I do.

22           THE COURT:  OK.  The next thing that I want to discuss

23   with you, Mr. Ramis, is your plea agreement with the

24   government.

25           I have been handed a letter, dated April 3, 2014.  It

Plea

1    is a six-page letter, and it has a series of signatures on page

2    6, including one that purports to be your signature, dated

3    today, April 11, 2014.

4              Sir, can you see this document from where you are

5    seated?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  And is that your signature on page 6 of

8    this document?

9              THE DEFENDANT:  Yes, it is, sir.

10             THE COURT:  OK.  I will mark this document Court

11   Exhibit No. 1.

12             Mr. Ramis, did you read this agreement before you

13   signed it?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  And did you discuss it with your attorney

16   before you signed it?

17             THE DEFENDANT:  Yes, I did.

18             THE COURT:  And when you signed it, did you fully

19   understand the agreement?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  And, sir, does this agreement contain your

22   complete understanding of the entire agreement between the

23   government and you?

24             THE DEFENDANT:  Yes, it does.

25             THE COURT:  Is there any other agreement or promise

Plea

1    with the government about your plea and sentence that is not

2    contained in this agreement?

3              THE DEFENDANT:  No, sir.

4              THE COURT:  Has anyone threatened you or forced you to

5    plead guilty or to enter into this agreement?

6              THE DEFENDANT:  No, sir.

7              THE COURT:  Sir, other than what is in the agreement,

8    has anyone promised you anything or offered you anything in

9    order to plead guilty?

10             THE DEFENDANT:  No, sir.

11             THE COURT:  Has anyone made you any promise as to what

12   your sentence will be?

13             THE DEFENDANT:  No, sir.

14             THE COURT:  Sir, do you understand that there is a

15   stipulation in the plea agreement regarding the Sentencing

16   Guidelines that binds you and that binds the government but it

17   does not bind me?

18             THE DEFENDANT:  Yes, sir, I do.

19             THE COURT:  And do you understand that regardless of

20   what you and the government have agreed to, I am going to make

21   my own determination concerning the guidelines' range?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  And do you understand that under certain

24   circumstances both you and the government have the right to

25   appeal any sentence that I might dispose subject to the terms

1    of the plea agreement?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  And as I understand it, you are waiving a

4    sentence if I sentence you within or below the stipulated range

5    in your agreement, is that correct?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  Ms. Burns, would the government please

8    summarize what it would expect to prove if this case were to go

9    to trial?

10           MS. BURNS:  Your Honor, if this case went to trial,

11   the government would prove the defendant's knowing involvement

12   in the narcotics conspiracy.  The evidence would include Title

13   III intercepts, consensually made recordings, law enforcement

14   testimony, surveillance videos and photos, as well as other

15   testamentary documents.

16           THE COURT:  Mr. Ramis, did you hear what Ms. Burns

17   just said?

18           THE DEFENDANT:  Yes, I did, sir.

19           THE COURT:  And is it accurate?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  And, sir, have you clearly understood

22   everything that has happened here today so far?

23           THE DEFENDANT:  Yes, I have.

24           THE COURT:  Mr. Ramis, would you please tell me in

25   your own words what it was that you did that makes you guilty

Plea

1  of Count One of the Superseding Indictment?

2              THE DEFENDANT:  From February 2012 to May 2013, I

3  conspired with others to distribute and possess less than

4  400 kilograms of marijuana.  I committed these crimes in the

5  Southern District of New York.  I knew what I was doing and it

6  was wrong and illegal.

7              I apologize to the Court and I am sorry for my

8  actions.

9              THE COURT:  Mr. Ramis, when you did these acts, did

10  you know that what you were doing was wrong and against the

11  law?

12              THE DEFENDANT:  Yes, sir, I did.

13              THE COURT:  Did anyone threaten you or coerce you to

14  do those things?

15              THE DEFENDANT:  No, sir.

16              THE COURT:  Ms. Burns, would you wish me to make any

17  further inquiries?

18              MS. BURNS:  I just want to make sure I heard it

19  correctly.  The amount was less than 400 kilograms?

20              THE COURT:  I believe he said less than 400 kilograms.

21              MR. MERINGOLO:  He did, your Honor.

22              MS. BURNS:  Thank you.  I have no other questions.

23              THE COURT:  Very well.

24              Mr. Meringolo, do you know of any valid defense that

25  would prevail at trial or any reason why your client should not

1    be permitted to plead guilty?

2              MR. MERINGOLO:  I do not, your Honor.

3              THE COURT:  Mr. Meringolo, do you believe that there

4    is an adequate factual basis to support the plea?

5              MR. MERINGOLO:  Yes, there is.

6              THE COURT:  Ms. Burns, is there adequate factual basis

7    to support the plea of guilty?

8              MS. BURNS:  Yes, your Honor.

9              THE COURT:  Mr. Ramis, how do you now plead to the

10   count, Count One, in the Superseding Indictment, guilty or not

11   guilty?

12             THE DEFENDANT:  Guilty.

13             THE COURT:  And, sir, are you in fact guilty of that

14   charge?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Are you pleading guilty voluntarily and of

17   your own free will?

18             THE DEFENDANT:  Yes, I am.

19             THE COURT:  Is there a forfeiture allegation in the

20   Superseding Indictment?

21             MS. BURNS:  There is, your Honor, and it is also part

22   of the plea agreement on page 2.

23             THE COURT:  And, Mr. Ramis, do you admit to the

24   forfeiture allegation in the Superseding Indictment?

25             THE DEFENDANT:  Yes, I do, sir.

E4bdramp
                              Plea

1          THE COURT:  Very well.  Mr. Ramis, because you

2    acknowledge that you are in fact guilty as charged in Count One

3    of the Superseding Indictment, because I find that you know

4    your rights and are waiving them knowingly and voluntarily and

5    with an understanding of the consequences of your plea, I

6    accept your guilty plea and find you guilty of Count One in the

7    Superseding Indictment.

8          I am now going to direct that a presentence

9    investigation be conducted by the Probation Office and that a

10   report be prepared.

11         You will be interviewed as part of that process,

12   Mr. Ramis.  You should have your lawyer with you during that

13   interview.  The presentence report is a very important part in

14   my decision as to what your sentence will be.  And you and your

15   attorney will have every opportunity to review a draft of the

16   report and to make or to suggest any changes that you feel are

17   appropriate.  You will also have the opportunity to speak

18   before I impose sentence.

19         So, again, it is very important that you read the

20   presentence report carefully when you receive it and that you

21   discuss it with your attorney prior to the sentencing date.

22         Do we have a date for sentence?

23         THE CLERK:  Friday, August 15, at 10 o'clock in the

24   morning.

25         THE COURT:  Very well.  Is there anything else that we

E4bdramp
                              Plea
1    need to do today, Ms. Burns?

2              MS. BURNS:  No, your Honor.  Thank you.

3              THE COURT:  Mr. Meringolo?

4              MR. MERINGOLO:  Your Honor, I just want to bring to

5    the Court's attention, there are a number of health issues that

6    I'm trying to resolve with the Bureau of Prisons regarding

7    Mr. Ramis' teeth.  Certain teeth are falling out.  I am trying

8    to get him to get to the doctor.  It has been difficult.  But I

9    just want t inform the Court right now that if it doesn't

10   happen, you know, over the next few weeks I may have to ask the

11   Court for an order regarding this issue.

12             THE COURT:  OK.  Well, work with Ms. Burns in that

13   regard.  I mean, if I need to involve myself, I will.  But

14   generally once the parties, if it is appropriate, bring the

15   matter to the attention of the appropriate personnel, my

16   experience is that it does get taken care of.  But if you need

17   me to intervene --

18             MR. MERINGOLO:  We will try our best not to have the

19   Court intervene.

20             THE COURT:  Very well.  In that event, we are --

21   unless there is anything else?

22             MR. MERINGOLO:  One more thing.  I know the Court

23   knows better than I that Congress passed yesterday a two-point

24   reduction for all -- not all but for drug crimes which I

25   believe that Mr. Ramis qualifies for.

E4bdramp
Plea

1     THE COURT:  Actually, I didn't know that.  They passed
2   that yesterday?
3           MR. MERINGOLO:  Yes.
4           MS. BURNS:  I didn't know it either.
5           MR. MERINGOLO:  It is not reflected in the plea
6   agreement.  However, your Honor, the government and I --
7   Mr. Emil Bove, we've worked together on a number of cases so
8   hopefully we can resolve that if we have any problem.
9           THE COURT:  No problem.  Very well.
10          MR. MERINGOLO:  Thank you.
11          THE COURT:  If there is nothing else, we are adjourned
12  and we'll see you in August.
13          MS. BURNS:  Thank you, your Honor.
14          THE CLERK:  All rise.
15                            -   -   -
16
17
18
19
20
21
22
23
24
25