UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   - against -

GARY RAMIS,

                Defendant.

**OPINION AND ORDER**

13 Cr. 600-2 (ER)

Ramos, D.J.:

      Gary Ramis ("Petitioner") files this Motion *pro se* seeking relief from the Bureau of Prison's ("BOP") determination that Petitioner was ineligible for early release upon his completion of the BOP's Residential Drug Abuse Program ("RDAP").  Letter Brief in Support of Request for Modification of Sentence ("Letter Mot.") (Doc. 140).  For the reasons below, Petitioner's Motion is denied and dismissed without prejudice.

      On April 11, 2014, Petitioner pleaded guilty to participating in a conspiracy to distribute and to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 (2012).  *See* Plea Transcript (Doc. 65); The Government's Memorandum of Law in Opposition to the Defendant's Motion for a Modification of Sentence ("Gov't Opp'n") (Doc. 149), Ex. A ("Plea Agreement"), at 1.  Under the terms of the Plea Agreement, Petitioner agreed to receive two separate two-level enhancements to his Offense Level calculation, first because he possessed a dangerous weapon in connection with the offense, and second because he used violence, made a credible threat of violence, and directed the use of violence in connection with the offense.  *See* Plea Agreement at 2.  Petitioner also agreed that he would "not file a direct appeal; nor bring a collateral challenge, including but not limited to an

application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 78 to 97 months' imprisonment." *Id.* at 4. At his plea allocution, Petitioner affirmed that he had read and understood the Plea Agreement before he signed it, had reviewed it with his attorney, and understood that he was waiving an appeal of his sentence if the Court sentenced him within or below the Stipulated Guidelines Range. *See* Plea Transcript at 15–17.

Prior to sentencing, the Probation Office prepared a Presentence Report ("PSR") that concluded, among other things, that Petitioner was "responsible for possessing a dangerous weapon…[and] for use of violence, credible threat of violence and directed use of violence, in connection with the offense." PSR ¶¶ 61–62. The PSR thus included a two-level dangerous weapon enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) and a two-level violence enhancement pursuant to U.S.S.G. § 2D1.1(b)(2). *Id.* ¶¶ 68–69.

On August 15, 2014, this Court sentenced Petitioner. *See* Sentencing Transcript (Doc. 132). The Court calculated a Sentencing Guidelines Range of 70 to 87 months' imprisonment, which included the two offense-level enhancements for possession of a dangerous weapon and violence.[1] Sentencing Transcript 12–13. After hearing from the parties and considering the factors under 18 U.S.C. § 3553(a), the Court imposed a sentence of 70 months' imprisonment. *Id.* at 21. At the request of Petitioner's counsel, the Court recommended that Petitioner be admitted into a residential drug abuse program. *See id.* at 28; Judgment (Doc. 124) at 2.

---

[1] At the sentencing hearing, Petitioner's counsel objected to one paragraph of the PSR that formed part of the factual basis for the dangerous-weapon and violence enhancements. The Court overruled the objection. *See* Sentencing Transcript at 8–11. Per the Plea Agreement, Petitioner never objected to the inclusion of the actual enhancements in the Court's sentencing calculations.

Petitioner was subsequently admitted into the RDAP. Pursuant to 18 U.S.C. § 3621(e) and the implementing regulations under 28 C.F.R. § 550.55, an inmate sentenced for a non-violent offense is eligible for up to a twelve-month sentence reduction upon successful completion of the RDAP. *See* 28 C.F.R. § 550.55(a). An inmate is not eligible for early release, however, if he or she has a current felony conviction for (i) "[a]n offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another," (ii) "[a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives," (iii) "[a]n offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another," or if he or she has "been convicted of an attempt, conspiracy, or other offense which involved an underlying offense" of the type listed immediately above. *See* §§ 550.55(b)(5)(i)–(iii), (6). Upon consideration of the PSR and the totality of facts surrounding Petitioner's conviction, the BOP exercised its discretion to deny Petitioner early release based on the sentencing enhancements for use of a dangerous weapon and violence. *See* Letter Mot. at 4 (describing BOP's determination).

On November 17, 2014, Petitioner filed the instant Motion, seeking relief from the BOP's determination. Letter Mot. at 1–2. The crux of Petitioner's challenge is that the BOP transgressed its authority when it denied him early release on the basis of specific offense characteristics used to enhance Petitioner's sentence. *See id*. at 5 ("Petitioner was not convicted or sentenced for violence, rather he was enhanced instead for sentencing purposes only, therefore the BOP should not have been able to use that as reason to deny the early release eligibility…."). Petitioner moves the Court (i) to reduce his sentence by ten months to compensate for the BOP's determination of ineligibility, or (ii) to strike the dangerous-weapon and violence references from the PSR and order the BOP to re-review Petitioner's application for early release based on

the modified PSR, or (iii) to order the BOP to grant Petitioner a ten-month early release for completion of the RDAP. *See id.* at 7–8.

First, Petitioner's request that the Court modify his sentence is plainly barred by the Plea Agreement and is therefore denied. Plea Agreement at 3 (stating agreement that defendant would not "seek a sentence modification…of any sentence within or below the Stipulated Guidelines Range of 78 to 97 months' imprisonment"). The record demonstrates that Petitioner knowingly and voluntarily consented to the Plea Agreement, which included a waiver of his right to seek a sentence modification that was within or below the Stipulated Guidelines Range—nor does Petitioner ever contend that his waiver was not knowing and voluntary. *See, e.g.*, *Brito v. United States*, Nos. 13 Civ. 5887, 11 Cr. 1025 (LTS), 2014 WL 1327927, at *2 (S.D.N.Y. Apr. 3, 2014) ("The record demonstrates that the waiver was knowing and voluntary and [Petitioner] does not contend that the sentence imposed was based on any impermissible factor; that the Government breached the plea agreement; or that the Court did not enunciate a rationale for the sentence. Accordingly, the Court finds that [Petitioner] validly waived his right to collaterally attack his sentence.").

Second, with respect to Petitioner's requests that the sentencing enhancements be struck from the PSR and/or that the Court order the BOP to re-review his application or simply deem him eligible for early release, Petitioner moves for relief under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60 and Federal Rules of Criminal Procedure ("Fed. R. Crim. P.") 32 and 35(a). Letter Mot. at 1–2. The Court agrees with the Government, however, that none of these procedural mechanisms permits the relief Petitioner seeks. *See* Gov't Opp'n 7–8. Fed. R. Civ. P. 60 motions in the criminal context are used to attack prior habeas proceedings; they cannot be used to attack the substance of a sentence or a PSR, and certainly not used to meddle with the

BOP's discretionary operation of the RDAP program.  *See, e.g.*, *Eubanks v. United States*, No. 97 Civ. 3891 (PKL), 2005 WL 1949474, at *2 (S.D.N.Y. Aug. 11, 2005) ("Courts…will only entertain a motion under Rule 60(b) if it relates to the integrity of the federal habeas proceeding, not the integrity of the criminal trial or sentencing.") (citations omitted); *see also Harris v. United States*, 367 F.3d 74, 79–82 (2d Cir. 2004).  Likewise, Petitioner may not invoke Fed. R. Crim. P. 32 to retroactively object to the enhancements used in the Court's sentencing calculations or in the PSR.  *See United States v. Reyes*, No. 90 CR. 584-01 (CSH), 2005 WL 1926509, at *1 (S.D.N.Y. Aug. 10, 2005) ("Rule 32 allows parties to object to the PSI Report prior to sentencing.  However, this Court has no jurisdiction to hear *postsentence* challenges to the PSI Report. The Second Circuit has plainly stated that 'Rule 32, standing alone, does not give a district court jurisdiction to correct inaccuracies in a PSI report after a defendant has been sentenced.'") (quoting *United States v. Giaimo*, 880 F.2d 1561, 1563 (2d Cir. 1989)).  Finally, Petitioner's reliance on Fed. R. Crim. P. 35(a) to affect a substantive change to the Court's sentencing calculation is both too late and outside the scope of the rule.  *See* Fed. R. Crim. P. 35(a) (permitting, within fourteen days of sentencing, corrections to sentences based on "arithmetical, technical, or other clear error"); *United States v. Donoso*, 521 F.3d 144, 146 (2d Cir. 2008) ("[T]he rule…is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action….") (citation and internal quotation marks omitted).

     Beyond these procedural technicalities, Petitioner's request that the Court order the BOP to re-review his application fails for yet another reason.  Since Petitioner's challenge is to a "correctional decision regarding a prison program," his petition should have been brought

pursuant to 28 U.S.C. § 2241.  *Bagley v. Baird*, No. 3:11-CV-1675 (WWE), 2012 WL 1621158, at *1 (D. Conn. May 9, 2012) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)); *see also Wilson v. Baird*, No. 3:11-CV-1304 (MRK), 2012 WL 2154209, at *3 (D. Conn. June 13, 2012) (noting that a petition under § 2241 is the "appropriate vehicle" to challenge the BOP's decision regarding eligibility for early release based on completion of RDAP).  But "[c]laims brought pursuant to § 2241 must be filed in the district in which the prisoner is incarcerated or in any court that has jurisdiction over the custodian of the prisoner." *Mendez v. United States*, No. 02 CR. 745 (RPP), 2009 WL 4857490, at *1 (S.D.N.Y. Dec. 11, 2009) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973)).  At the time this Motion was filed, Petitioner was incarcerated in Maryland.  Letter Mot. at 1.  He is currently incarcerated in New Jersey.  (Doc. 218).  Thus, even had Petitioner properly filed a § 2241 motion, this Court would not have jurisdiction to review a decision by an out-of-state correctional facility.[2]

---

[2] The Court notes that, in this Circuit, § 2241 motions challenging early-release determinations by the BOP based on sentencing enhancements usually fail on the merits.  *See, e.g.*, *Cotona v. Fed. Bureau of Prisons*, No. 13 Civ. 609 (JMF), 2013 WL 5526238 (S.D.N.Y. Oct. 7, 2013); *Wilson*, 2012 WL 2154209; *Bagley*, 2012 WL 1621158; *Popperwill v. Baird*, No. 3:11-CV-1071 (DJS), 2012 WL 1143651 (D. Conn. Apr. 4, 2012); *see also Lopez v. Davis*, 531 U.S. 230, 240–43 (2001) (upholding BOP's discretion to determine eligibility of inmates for early release under 18 U.S.C. § 3621(e)(2)(B) and to categorically exclude prisoners based on special offense characteristic described in 28 C.F.R. § 550.55(b)(5)(ii)).  The Court also observes that Petitioner misconstrues the nature of the RDAP program when he argues that an order compelling the BOP to release him early is required to honor the Plea Agreement.  *See Rios v. United States*, No. 13 Civ. 7831 (PKC), 2014 WL 2751027, at *3 (S.D.N.Y. June 17, 2014) ("[A]dmission into a Bureau of Prisons-administered Residential Drug Abuse Program is a matter entrusted to the Bureau of Prisons, and may not by bargained for as part of a plea deal or ordered by a court.") (citing *Mendez*, 2009 WL 4857490, at *2).  Finally, to the extent Petitioner attempts to claim a violation of his due process rights, *see* Letter Mot. at 6, the Court notes that prisoners generally have "no constitutionally protected liberty interest in early release under Section 3621(e)."  *Cotona*, 2013 WL 5526238, at *1 (collecting cases).

For the foregoing reasons, Petitioner's Motion is dismissed without prejudice. The Court declines to dismiss with prejudice in order to provide Petitioner with the opportunity to file a § 2241 motion challenging the BOP's determination in the proper forum.[3]

It is SO ORDERED.

Dated: December 3, 2015
New York, New York

Edgardo Ramos, U.S.D.J.

[3] The Court declines to address whether a § 2241 motion attacking the BOP's early-release determination and filed in the proper jurisdiction would be barred by the terms of the Plea Agreement.